IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GIRIJA KADLASKAR,

Plaintiff,

vs.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

Defendant.

**4:25CV3025**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for attorney fees in the amount of $10,749.51[1] (42.15 hours at $255.03/hour) and expenses in the amount of $405 (filing fee) under the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412(d). Filing No. 27. Defendant objects to the motion for attorney fees. Filing No. 28. Thereafter, Plaintiff responded to Defendant's resistance to the motion for attorney fees (alleging 43.325 hours for an award of $11,454.17). Filing No. 29. Additionally, this matter is before the Court on Plaintiff's Motion to Amend the Court's order, Filing No. 32.[2]

## I. BACKGROUND

Plaintiff, an Indian national, applied for an employment-based preference and sought the highest preference of "extraordinary ability" immigrant worker classification based on her work as a neurodevelopment researcher relating to autism and ADHD. Defendant denied Plaintiff's petition for the classification (Form I-140) and Plaintiff

[1] Plaintiff incorrectly calculated the amount (attorney fees plus filing fee) to $11,154.41 in several parts of Filing No. 27, however the Court will be using the correct calculated amount of $11,154.51 (42.15 hours at $255.03/hour = $10,749.51 + $405 filing fee = $11,154.51).

[2] The Court's original order for attorney fees, Filing No. 30, the order at issue, has been stricken (Filing No. 33).

challenged that determination. On cross-motions for summary judgment, this Court found Defendant acted in an arbitrary and capricious manner in denying Plaintiff's petition. Filing No. 25 at 10. The Court found that the plaintiff submitted substantial documentation of her excellence in her scientific field and the reviewing officer articulated no reason for their determination that the plaintiff did not meet the "Excellent" level. *Id.* at 10–11. The USCIS policy dictates that if officer must articulate specific reasons why they concluded the petition did not show their extraordinary ability. *Id.* at 11. The Court determined that the reviewing officer did not meet this standard, and therefore, their decision was arbitrary and capricious. *Id.*

## II. Standard of Review

Plaintiff seeks an award of attorney fees and costs of $11,154.51 under the EAJA, 28 U.S.C. § 2412. "The EAJA provides that a prevailing party is entitled to an award of fees and expenses in any action brought by or against the United States 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.' 28 U.S.C. § 2412(d)(1)(A)." *U.S. S.E.C. v. Zahareas*, 374 F.3d 624, 626 (8th Cir. 2004).

In order to recover attorney fees under the EAJA, Plaintiff must show that her net worth did not exceed $2,000,000 at the time he filed the action, and that she was the prevailing party in the action. If Plaintiff meets his burden, the United States has the burden of showing that its position was substantially justified or that special circumstances render an award unjust. *Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989); *see also* 28 U.S.C. § 2412(d)(1)(A) and 28 U.S.C. § 2412(d)(2)(B).

## III. ANALYSIS

Plaintiff meets the net worth requirement. She provided a sworn declaration that her net worth has not exceeded $2,000,000 from the time her case was filed through the present. Filing No. 27 at 4.

### A. Prevailing Party

"[T]o qualify as a 'prevailing party,' a plaintiff must obtain 'actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *John T. ex rel. Robert T. v. Iowa Dep't of Educ.*, 258 F.3d 860, 863–64 (8th Cir. 2001) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)). "Any relief obtained must directly benefit [the plaintiff] at the time of the judgment or settlement." *Drennan v. Pulaski Cnty. Special Sch. Dist.*, 458 F.3d 755, 757 (8th Cir. 2006) (citation omitted). Attorney fees are not warranted when the plaintiffs "prevailed on only a very small and technical part of their claim." *Id.* (citation omitted).

Plaintiff argues that she is the prevailing party because she was successful on summary judgment. Defendant argues that Plaintiff is not a prevailing party because she did not prevail on her entire claim. Defendant places the shortfall on the Court's order which "did not resolve, define, or direct the outcome of the underlying extraordinary ability analysis, nor did it find Plaintiff met the statutory standard." Filing No. 28-1 at 3.

The Court finds this argument to be without merit. The Court holds that Plaintiff is a prevailing party because the Court granted her relief that was substantially what Plaintiff asked for in her complaint. Plaintiff requested that the Court compel Defendant "to favorably adjudicate her immigrant visa petition or, in the alternative, to hold unlawful its

Decision denying the same and set it aside on the grounds that it was arbitrary and capricious." *See* Complaint Filing No. 1 at 1. Plaintiff admits that she did not seek the mandamus relief in the motion for summary judgment. Filing No. 29 at 1–2. So, although the Court did not order "immediate" adjudication, the Court ordered remand to USCIS to adjudicate Plaintiff's petition, which Plaintiff did request in her complaint. The Court's ruling altered Plaintiff's legal relationship with Defendant by requiring Defendant to adjudicate her petition in conformance with the requisite standards. Although Plaintiff's petition is still pending according to Defendant (*see* Filing No. 28-1 at 2), the (re)adjudication of her petition did not result from a voluntary change in Defendants' conduct. Instead, Defendants acted in compliance with this Court's Order. *See Zheng Liu v. Chertoff*, 538 F. Supp. 2d 1116, 1121–22 (D. Minn. 2008) (citing *Haidari v. Frazier*, No. CIV.06-3215 DWF/AJB, 2007 WL 5118370, at *4 (D. Minn. May 10, 2007) (holding petitioner who obtained court order remanding application to USCIS for adjudication within 30 days was prevailing party); *Aboushaban v. Mueller*, 475 F. Supp. 2d 943, 946 (N.D. Cal. 2007) (holding that plaintiff who obtained court order requiring USCIS to adjudicate plaintiff's application was prevailing party and gathering cases holding similarly).

**B. Substantial justification**

"The government bears the burden of proving that its position was substantially justified." *Zahareas,* 374 F.3d at 627 (citation omitted). "Substantially justified" means "having a 'reasonable basis both in law and fact,' or being 'justified in substance or in the main.'" *Zahareas,* 374 F.3d at 626 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). This means that the government's position could be "substantially justified" even

if it didn't prevail on the merits, "as long as a reasonable person could think it correct." *Id.* (citations omitted).

Defendant argues that the Court should deny Plaintiff's motion for attorney fees because the government was substantially justified insofar as the reviewing officer's decision regarding Plaintiff's extraordinary qualifications was subjective and discretionary and therefore, reasonable minds could differ regarding that determination.

Plaintiff's initial brief requesting attorney fees cites one case in support of the motion. Filing No. 27-1 at 2. Plaintiff quotes *Peterson v. U.S. Retirement Board*, 785 F.2d 245 (8th Cir. 1986) as follows:

> Agency action found to be arbitrary and capricious or unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act. Only the most extraordinary special circumstances could permit such an action to be found to be substantially justified under the Act.

Although this case was withdrawn for publication by the Eight Circuit Court of Appeals and decided forty years ago, the Court finds its reasoning persuasive.

The Court finds that Defendant has not met its burden of showing substantial justification. In the order on motion for summary judgment (Filing No. 25), Court found that Plaintiff presented "substantial documentation of her excellence" in her field and the reviewing officer articulated no standard, either "objective or specific" upon which they denied her petition. The policies governing this type of decision specifically state that: "If the officer determines that the petitioner has failed to demonstrate eligibility, the officer should not merely make general assertions regarding this failure. Rather, the officer must articulate the specific reasons as to why the officer concluded that the petitioner has not demonstrated by a preponderance of the evidence that the person has extraordinary

ability." https://www.uscis.gov/policy-manual/volume-6-part-f-chapter-2. Filing No. 25 at 10–11. The Court further found that the reviewing officer's failure to articulate the specific reason(s) for the denial of Plaintiff's petition was arbitrary and capricious. Filing No. 25 at 11. Inherent in a finding of "arbitrary and capricious" is that the decision was not reasonable in either law or fact. *See Cnty. of St. Louis v. Thomas*, 967 F. Supp. 370, 374 (D. Minn. 1997) (an action is considered arbitrary and capricious if the agency's explanation in support runs counter to the evidence before the agency).

**C. Reasonable fees**

Plaintiff requests attorney fees totaling $10,749.51 representing 42.15 hours at a rate of $255.03 per hour which is the applicable EAJA hourly rate for work performed in 2025 based on the statutory rate adjusted for increases in the cost of living. Plaintiff also requests $405 in filing fees for a total amount of $11,154.51. Plaintiff also seeks an enhancement of her attorney fees by an additional five hours representing the hours counsel allegedly spent preparing the motion for attorney fees and responding to Defendant's opposition. Filing No. 29 at 4.

Defendant argues that Plaintiff's request for attorney fees should be substantially reduced because she was not successful on all of her claims or in the alternative that the award should be reduced for "block billing."

Plaintiff admits that she did not pursue one theory of recovery, asking the Court to compel Defendant to approve her petition, in her motion for summary judgment. *See* Filing No. 29 at 1–2. Plaintiff further acquiesces that it is appropriate for the Court to reduce the time spent drafting that claim (one half of the time allocated for preparing the

complaint), by 3.825 hours. Therefore, the Court will reduce the fee award by $975.49 ($255.03 x 3.825), resulting in a fee amount of $9,774.02 ($10,749.51 - $975.49).

The Court has reviewed the remainder of Plaintiff's itemization of time. Although Defendant contends Plaintiff has not done a stellar job of providing specific billing information, the Court finds that the itemization is sufficiently complete and that amount of time spent is reasonable. Plaintiff's counsel's records indicate he spent 42.15 hours (reduced to 38.325 hours as indicated *supra)* over the course of eight months including filing and responding to motions for summary judgment. That is not unreasonable. In addition, Plaintiff is entitled to the filing fee of $405.

Plaintiff additionally requests attorney fees for preparing briefing for attorney fees and responding to Defendant's opposition to Plaintiff's request. The Court is not inclined to grant attorney fees for the time required to request attorney fees. Plaintiff is not entitled to any enhancement for the work done on the motion and briefs submitted in support of attorney's fees for the reasons stated herein.

## IV. CONCLUSION

The Court finds that Plaintiff is entitled to attorney fees under the EAJA. The plaintiff is the prevailing party, and Defendant's position was not substantially justified. Additionally, the plaintiff's net worth did not exceed $2,000,000 at the time of filing for this civil action. The Court concludes that the hours worked by Plaintiff's attorney are reasonable and approves the fee request as amended herein.

**ACCORDINGLY, IT IS ORDERED**

1. Plaintiff's Motion for Attorney fees, Filing No. 27, is granted.

2. Pursuant to the Equal Access to Justice Act, attorney fees ($9,774.02) and costs ($405) in the amount of $10,179.02 are to be paid directly to the Plaintiff's attorney.
3. Plaintiff's Motion to Amend Order, Filing No. 32, is moot with the entry of the instant order.
4. The judgment previously entered, Filing No. 31, is vacated. A new judgment will be filed.

Dated this 18th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge